LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JUAN MINYETY,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

KIDS TOWN, INC., KIDSTOWN 161 STREET LLC, VERSACE RETAIL SYSTEMS LLC, HL KIDS APPAREL CORP., 991 SOUTHERN BOULEVARD ASSOCIATES LLC,
JOSEPH SUTTON and MARC SUTTON,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, JUAN MINYETY ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, KIDS TOWN, INC., KIDSTOWN 161 STREET LLC, VERSACE RETAIL SYSTEMS LLC, HL KIDS APPAREL CORP., 991 SOUTHERN BOULEVARD ASSOCIATES LLC (collectively, "Corporate Defendants"), JOSEPH SUTTON and MARC SUTTON (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

3. Plaintiff further alleges, pursuant to New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that he was deprived of his statutory rights as a result of Defendants' discriminatory employment practices and seeks to recover (1) compensatory damages, (2) punitive damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff JUAN MINYETY is a resident of New York County, New York.

7. Defendants operate a chain of children's apparel retail stores under the common trade name "Kidstown," with five locations in New York City as follows:

   a) 100 East 170th Street, Bronx, NY 10452;

   b) 991 Southern Boulevard, Bronx, NY 10459;

      c) 220 East 161 Street, Concourse Plaza, Bronx, NY 10451;

      d) 749 Broadway, Brooklyn, NY 11206; and

      e) 133-35 79th Street, Howard Beach, NY 11414

(collectively referred to as "Kidstown Stores").

8. Corporate Defendant KIDS TOWN, INC. is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 40 West 14th Street, New York, NY 10003.

9. Corporate Defendant KIDSTOWN 161 STREET LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 310 West Westfield Avenue, Roselle Park, NJ 07204.

10. Corporate Defendant VERSACE RETAIL SYSTEMS LLC is a foreign limited liability company organized under the laws of the State of New Jersey with an address for service of process located at 651 Kapkowski Road, Elizabeth, NJ 07201.

11. Corporate Defendant HL KIDS APPAREL CORP. is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 24 East 14th Street, New York, NY 10003.

12. Corporate Defendant 991 SOUTHERN BOULEVARD ASSOCIATES LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located at 450 Seventh Avenue, Suite 1401, New York, NY 10123.

13. (i) Each Individual Defendant JOSEPH SUTTON and MARC SUTTON has operational control of Kidstown Stores. Each Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment

for Plaintiff, FLSA Collective Plaintiffs and Class Members at Kidstown Stores. Each Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Each Individual Defendant JOSEPH SUTTON and MARC SUTTON additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Kidstown Stores. Each Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Kidstown Stores is operating efficiently and profitably.

14. At all relevant times, each of the corporate defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

15. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

16. Defendants operated Kidstown Stores as a single integrated enterprise under the control of Individual Defendants. Kidstown Stores were engaged in related activities, shared common ownership and had a common business purpose. Specific facts supporting the assertion that Defendants operated as a single integrated enterprise include:

a) Kidstown Stores shared a common purpose of operating retail stores in New York City that sold children's apparel.

b) Kidstown Stores conducted business under a common trade name "Kidstown," used the same logo, and shared similar décor and appearance.

4

c) Kidstown Stores were advertised jointly on Defendants' website (http://www.kidstownusa.com/stores/).

d) Kidstown Stores were family owned and operated by Individual Defendants JOSEPH SUTTON and MARC SUTTON.

e) Kidstown Stores shared common ownership, executives and management.

f) Kidstown Stores sold similar merchandise procured from common suppliers.

g) Employees at Kidstown Stores were interchangeable among the different store locations.

h) Kidstown Stores implemented the same wage and hour policies and procedures established by Defendants.

i) Kidstown Stores maintained centralized labor relations, human resources and payroll, under the supervision of Rosa Collado, who was Kidstown's HR and payroll manager.

j) Kidstown Stores utilized the same payroll system for all employees.

k) Defendants centrally advertised career opportunities for Kidstown Stores on their website. Applicants that were interested in employment at any store location could apply on the website.

l) Employees at Kidstown Stores were all provided the same wage statement forms issued by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at Kidstown Stores on or after the date that is six (6) years before the filing of the Complaint, who, like Plaintiff, had "managerial" titles including, but not limited to, assistant managers, shift managers and supervisors, and were misclassified as exempt under the FLSA ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

them the proper overtime premium at the rate of one-and-one-half times the regular rate for work in excess of forty (40) hours per workweek, due to their improper classification as exempt in violation of the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

20. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all persons employed by Defendants at Kidstown Stores on or after the date that is six (6) years before the filing of the Complaint, who, like Plaintiff, had "managerial" titles including, but not limited to, assistant managers, shift managers and supervisors, and were misclassified as exempt under the NYLL (the "Class" or "Class Members").

21. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the records necessary to calculate that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of improperly classifying non-exempt employees as exempt, failing to pay overtime compensation, failing to provide proper wage statements, and failing to provide proper wage and hour notices. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly

situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

(a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

(c) At what rates, subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

(d) Whether Defendants properly notified Plaintiff and Class Members of their pay rates;

(e) Whether Defendants failed to pay Plaintiff and Class Members the full and proper overtime compensation to which they were entitled for hours worked over forty (40) per workweek;

(f) Whether Defendants misclassified Plaintiff and Class Members as exempt from overtime;

(g) Whether Defendants provided proper wage statements to Plaintiff and Class Members; and

(h) Whether Defendants provided proper wage and hour notices to Plaintiff and Class Members.

## STATEMENT OF FACTS

28. From 1993 until on or about May 6, 2018, Plaintiff JUAN MINYETY was employed by Defendants to work for their children's apparel retail stores in New York City operated under the trade name "Kidstown."

29. Throughout employment with Defendants, Plaintiff JUAN MINYETY worked for Defendants at all New York City Kidstown Stores. While Plaintiff's main job site was 100 East 170th Street, Bronx, NY 10452 since 2004, he was also regularly sent to work at Defendants' other four New York City Kidstown Stores as needed.

9

30. From 2012 until the end of his employment with Defendants, Plaintiff JUAN MINYETY held the title of "Assistant Manager." During this time, Plaintiff reported to the "General Manager."

31. From 2012 until the end of his employment with Defendants, Plaintiff JUAN MINYETY regularly worked more than forty (40) hours per week. Specifically, Plaintiff regularly worked (i) from 9:30 a.m. to 8:00 p.m. on Mondays, Wednesdays and Thursdays; (ii) from 9:30 a.m. to 8:30 p.m. on Fridays and Saturdays; and (iii) from 11:00 a.m. to 7:30 p.m. on Sundays, for a total of sixty-two (62) hours each workweek. Based on Plaintiff's observations and conversations with his co-workers, FLSA Collective Plaintiffs and Class Members worked similar hours that regularly exceeded forty (40) hours per week.

32. Throughout his employment with Defendants, Plaintiff JUAN MINYETY was not permitted to clock in for work on Mondays and Sundays each week and therefore worked off the clock on such days. In addition, if Plaintiff ever worked on the clock for more than forty (40) hours per week, Defendants' payroll manager manually adjusted Plaintiff's time and pay records to reflect only forty (40) hours per week. Based on Plaintiff's observations and conversations with his co-workers, FLSA Collective Plaintiffs and Class Members were similarly required to work off the clock and time-shaved for any hours worked in excess of forty (40) per week.

33. From in or about January 2012 until in or about December 2015, Plaintiff JUAN MINYETY was paid for the first forty (40) hours per week by check at an hourly rate of $9.00 and an additional fixed salary of $300.00 per week in cash. From in or about January 2016 until in or about December 2017, Plaintiff was paid for the first forty (40) hours per week by check at an hourly rate of $11.00 and an additional fixed salary of $300.00 per week in cash. From in or about January 2018 until in or about December 2017, Plaintiff was paid for the first forty (40)

10

hours per week by check at an hourly rate of $17.50 and an additional fixed salary of $300.00 per week in cash. Based on Plaintiff's observations and conversations with his co-workers, FLSA Collective Plaintiffs and Class Members were paid at similar pay rates.

34. Throughout his employment with Defendants, Plaintiff JUAN MINYETY was not paid the proper overtime premium at a rate of one-and-one-half times the regular rate for hours worked in excess of forty (40) per week. Plaintiff never received any notice informing him that the wages that he received were intended to cover all of his overtime hours worked. Based on Plaintiff's observations and conversations with his co-workers, FLSA Collective Plaintiffs and Class Members were similarly compensated and never paid the proper overtime premium for hours worked in excess of forty (40) per week.

35. Throughout his employment with Defendants, the wage statements that Plaintiff JUAN MINYETY received from Defendants were improper because they failed to accurately reflect Plaintiff's actual hours worked. Specifically, Defendants provided wage statements that showed Plaintiff worked forty (40) hours per week or less, when Plaintiff actually worked well in excess of forty (40) hours per week. Based on Plaintiff's observations and conversations with his co-workers, FLSA Collective Plaintiffs and Class Members similarly received wage statements that failed to reflect their actual hours worked.

36. Defendants deliberately gave Plaintiff MINYETY the misleading title of "assistant manager" in an attempt to support their misclassification of him as exempt from overtime, even though Plaintiff's duties did not pertain to the management or administration of the Kidstown store that he worked in or any other subdivision of the Kidstown business. At all relevant times, the duties of Plaintiff MINYETY and other "assistant managers," "shift managers" and "supervisors" were ministerial in nature and did not include managerial responsibilities. Plaintiff

MINYETY and these employees with "managerial" titles did not have the power to hire, fire, promote, discipline or change the status of other store employees, or make recommendations as to the hiring, firing or advancement of other store employees. Further, they did not have the authority to set the pay rates or work hours of other store employees. Defendants never permitted Plaintiff MINYETY or other employees with "managerial" titles (other than the General Manager) to exercise discretion or independent judgment with respect to matters of significance. All such decisions were taken by senior officials of Defendants (such as General Managers), who did not solicit Plaintiff MINYETY's input. Plaintiff MINYETY and other employees with "managerial" titles were subject to the direct control and supervision of the General Manger, Camille LNU, at all times.

37. Plaintiff MINYETY was subjected to a hostile work environment in the form of sexual harassment. The General Manager, Camille LNU, repeatedly told other employees that Plaintiff MINYETY "has a small penis" and made unwanted sexually explicit remarks. In addition, Camille found Plaintiff's personal photos, posted the photos all around the store, and made fun of Plaintiff. Camille's abuse of Plaintiff MINYETY occurred on a daily basis despite being asked to stop. This sexually hostile treatment continued throughout Plaintiff MINYETY's employment, and caused him to suffer great distress, humiliation and depression. Despite the continued harassment, Defendants did not take any corrective action.

38. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation, in violation of the FLSA and NYLL.

39. At no time during the relevant time periods did Defendants provide Plaintiff or Class Members with proper wage and hour notices or wage statements as required by the NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week, by improperly misclassifying them as exempt.

41. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members, in violation of the NYLL.

42. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class Members, in violation of the NYLL.

43. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

47. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

48. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

53. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiff realleges and reavers Paragraphs 1 through 54 of this class and collective action Complaint as if fully set forth herein.

56. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

57. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them overtime compensation at the statutory rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

58. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members, as required by New York Labor Law § 195(1).

59. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by New York Labor Law § 195(3).

60. Due to Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to the New York Labor Law.

## COUNT III

### VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

61. Plaintiff realleges and reavers Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

63. Defendants violated Plaintiff's statutory protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff to a sexually hostile work environment.

64. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYSHRL.

65. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including past and future physical and emotional distress and the costs of bringing this action.

66. Due to Defendants' violation under the NYSHRL, based on sexual harassment and discrimination on the basis of gender, Plaintiff is entitled to recover from Defendants: (1) an injunction ordering Defendants to cease its discriminatory practices as described herein; and (2) compensatory damages.

## COUNT IV

### VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

67. Plaintiff realleges and reavers Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

69. Defendants violated Plaintiff's statutory protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by subjecting Plaintiff to a sexually hostile work environment.

70. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff's protected rights under the NYCHRL.

71. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including the past and future physical and emotional distress and the costs of bringing this action.

72. Due to Defendants' violation under the NYCHRL based on sexual harassment and discrimination on the basis of gender, Plaintiff is entitled to recover from Defendants: (1) compensatory damages; (2) punitive damages; and (3) attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. A declaratory judgment that the practices complained of herein are unlawful under the NYSHRL and NYCHRL;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An order directing Defendants to take steps as may be necessary to prevent and remedy employment discrimination and the patterns or practices of discrimination in employment identified above;

e. An award of unpaid overtime compensation due under the FLSA and NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with the wage notice and wage statement requirements under the applicable state laws;

g. An award of liquidated damages as a result of Defendants' willful failure to pay the lawful overtime compensation pursuant to the FLSA or NYLL;

h. An award of compensatory damages resulting from Defendants' unlawful discriminatory practices under the NYSHRL and NYCHRL;

i. An award of punitive damages for Defendants' unlawful discriminatory practices under the NYCHRL;

j. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 5, 2019 Respectfully submitted,

By: */s/ C.K. Lee*

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

19